# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

LEON WILLIAMS,                          CASE NO. 1:09-cv-01149-GBC PC

                    Plaintiff,          ORDER DISMISSING COMPLAINT, WITH
                                        LEAVE TO AMEND, FOR FAILURE TO
     v.                                 STATE A CLAIM

LYDIA HENSE, et al.,                    (Doc. 1)

                    Defendants.         THIRTY-DAY DEADLINE
_____/

**I.    Screening Requirement**

        Plaintiff Leon Williams, a former prisoner, is proceeding pro se and in forma pauperis in this
civil rights action pursuant to 42 U.S.C. § 1983. The complaint in this action was filed on July 1,
2009, at which time Plaintiff was out of custody. For the reasons set forth below, the Court finds
Plaintiff's complaint fails to state a cognizable claim.

        "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court
shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state
a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether
a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil
Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim
showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule
8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned,
the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)
(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)). "[A] complaint must contain

1

1   sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

2   Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570).  Further, although a court must accept

3   as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal

4   conclusions as true.  Iqbal, 129 S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of

5   action, supported by mere conclusory statements, do not suffice."  Id. (quoting Twombly, 550 U.S.

6   at 555).

7   **II.    Complaint Allegations**

8         After he was released from custody, Plaintiff filed suit alleging that he suffered cruel and

9   unusual punishment when his parole date was miscalculated causing him to remain in custody for

10   an additional 101 days.  According to his complaint, Plaintiff was sentenced to four years and arrived

11   at the California Rehabilitation Center on December 19, 1999.  Without giving an explanation of

12   why he was still in custody, Plaintiff states he was given 796 days credit on September 10, 2007.

13         Plaintiff was transferred to North Kern State Prison on November 20, 2007.  Plaintiff alleges

14   he was informed his parole date would be February 26, 2008.  When Plaintiff did not parole on

15   February 26, 2008, he filed an appeal.  In response, Plaintiff was informed his parole date would be

16   October 15, 2008.  Plaintiff alleges that he was paroled on October 3, 2008, and his paperwork

17   showed his parole date to be June 24, 2008.  (Doc. 1., Comp., § IV.)  Plaintiff filed this action

18   against Defendants North Kern State Prison, Horn, Laswell, and Hense seeking monetary damages

19   for the 101 days he alleges he was unlawfully detained.

20   **III.   Discussion**

21         **A.    Eighth Amendment Claim**

22         To constitute cruel and unusual punishment in violation of the Eighth Amendment,

23   punishment "must be incompatible with 'the evolving standards of decency that mark the progress

24   of a maturing society,' or must involve unnecessary or wanton pain disproportionate to the severity

25   of the crime."  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (internal citations

26   omitted); Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Detention of a prisoner beyond the

27   termination of his sentence "could constitute cruel and unusual punishment if it is the result of

28   'deliberate indifference' to the prisoner's liberty interest."  Haygood, 769 F.2d at 1344.  Otherwise,

1  the detention can only be held unconstitutional if it violates due process.  Id.

2      Under section 1983, Plaintiff must demonstrate that each defendant personally participated

3  in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff has

4  failed to allege facts in his complaint that any individual defendant knew of any error in the

5  computation of Plaintiff's parole date,  Haygood, 769 F.2d at 1354, or acted or failed to act to

6  prevent a constitutional violation, Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

7      **B.   Due Process Clause**

8      The Due Process Clause protects against the deprivation of liberty without due process of

9  law.  Wilkinson v. Austin, 545 U.S. 209 (2005).  In a case where a prisoner has been unlawfully

10  detained, the court must determine if the detention was the result of a "random act" or "an official

11  practice and procedure."  Haygood, 769 F.2d at 1359.  Where the wrongful detention is the result

12  of "affirmatively enacted or de facto policies, practices or customs, the court must determine when

13  the responsible state officials received notice of a claim that a wrong was being done."  Id.  However,

14  if the detention was a result of a negligent act by an official then the Due Process Clause is not

15  implicated.  Daniels v. Williams, 474 U.S. 327, 328 (1986).  If the act of a defendant is merely

16  negligent, it would not rise to a constitutional violation and any potential remedy would lie in state

17  law.  Id. at 333.  Plaintiff has failed to allege facts that would state a claim based upon an "official

18  practice or procedure" that caused the deprivation of his liberty interest.

19      **C.   Agency Immunity**

20      In this action Plaintiff has named Defendant North Kern State Prison.  "The Eleventh

21  Amendment bars suits for money damages in federal court against a state [and] its agencies . . ."

22  Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007), "regardless of the relief

23  sought, unless the state unequivocally consents to a waiver of its immunity," Yakama Indian Nation

24  v. State of Washington, 176 F.3d 1241, 1245 (9th Cir. 1999); see also Seminole Tribe of Fla. v.

25  Florida, 116 S. Ct. 1114, 1122 (1996).  The California Department of Corrections and Rehabilitation

26  ("CDCR") is a state agency entitled to Eleventh Amendment Immunity.  Taylor v. List, 880 F.2d

27  1040, 1045 (9th Cir. 1989).  North Kern State Prison is part of CDCR and, as such, is entitled to

28  Eleventh Amendment immunity from suit.

1    **IV.    Conclusion and Order**

2          For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for

3    a violation of his constitutional rights.  Plaintiff is granted leave to file an amended complaint within

4    thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the

5    nature of this suit by adding new, unrelated claims in his amended complaint.   George v. Smith, 507

6    F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

7          Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

8    named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.

9    Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the

10   duties and responsibilities of each individual defendant whose acts or omissions are alleged to have

11   caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although

12   accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

13   speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

14         Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc.,

15   114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must

16   be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  "All

17   causes of action alleged in an original complaint which are not alleged in an amended complaint are

18   waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th

19   Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

20         Based on the foregoing, it is HEREBY ORDERED that:

21         1.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

22         2.     Plaintiff's complaint, filed July 1, 2009, is dismissed for failure to state a claim upon

23                which relief may be granted under section 1983;

24         3.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

25                amended complaint; and

26         4.     If Plaintiff fails to file an amended complaint in compliance with this order, this

27                action will be dismissed, with prejudice, for failure to state a claim.

28         IT IS SO ORDERED.

Dated:    October 28, 2010

UNITED STATES MAGISTRATE JUDGE