# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON WILLIAMS, | CASE NO. 1:09-cv-01149-GBC PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| LYDIA HENSE, et al., | (Doc. 14) |
| Defendants. | |

## I. Screening Requirement

Plaintiff Leon Williams, a former prisoner, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently out of custody and filed this action on July 1, 2009. (Doc. 1.) The first amended complaint was screened by the Magistrate Judge and dismissed with leave to amend on November 29, 2010. (Doc. 13.) Currently before the Court is the second amended complaint, filed December 10, 2010. (Doc. 14.)

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)

(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.  Complaint Allegations

Plaintiff alleges that "Records" is responsible for miscalculating his parole date. (Doc. 14, § III.) Plaintiff was originally told his parole date would be February 26, 2008. On a later date he was given a parole date of October 15, 2008. When Plaintiff was paroled on October 3, 2008, he was informed that his parole date was actually June 24, 2008. Plaintiff alleges this demonstrates the incompetence of record keeping and the Defendant Hense exhibited dereliction of her duties by not enforcing "strict standards established by the Prison Industry Authority." (Id.)

## III.  Discussion

### A.  Cruel and Unusual Punishment

To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)). Officials may be aware of the risk because it is obvious. Thomas, 611 F.3d at 1152. The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).

Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long v. County

of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Despite being previously provided with the legal standards required to state a cognizable claim, and given two opportunities to amend the compliant, Plaintiff has failed to allege that Defendant Hense or any other defendant was aware of an error in the computation of Plaintiff's parole date and acted or failed to act in response. Thomas, 611 F.3d at 1150. Plaintiff has failed to allege more than negligence on the part of any official, which is not sufficient to establish liability. Farmer, 511 U.S. at 835.

### B.   Due Process

In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480 (1995). However, a state may "create liberty interests which are protected by the Due Process Clause." Sandrin, 515 U.S. at 483-84. These are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

In a case where a prisoner has been unlawfully detained, the court must determine if the detention was the result of a "random act" or "an official practice and procedure." Younger, 769 F.2d at 1359. Where the wrongful detention is the result of "affirmatively enacted or de facto policies, practices or customs, the court must determine when the responsible state officials received notice of a claim that a wrong was being done." Id. However, if the detention was a result of a negligent act by an official then the Due Process Clause is not implicated. Daniels v. Williams, 474 U.S. 327, 328 (1986). If the act of a defendant is merely negligent it would not rise to a constitutional violation and any potential remedy would lie in State law. Id. at 333. Plaintiff has failed to allege facts that would state a claim based upon an "official practice or procedure" that caused the deprivation of his liberty interest. Plaintiff's claim that he was detained beyond his date of parole because his release date was miscalculated is insufficient to state a cognizable claim for

a violation of due process.

### C. Agency Liability

Additionally, as Plaintiff was previous advised, "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Plaintiff's allegation that Records miscalculated his parole date is an attempt to state a claim against a state agency, not an individual defendant. Therefore, Plaintiff's claim is not cognizable as it is barred by the Eleventh Amendment.

### IV. Conclusion and Order

The Court finds that Plaintiff's complaint fails to state any claims upon which relief can be granted under § 1983 against any named Defendant. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, in this action Plaintiff has been granted two opportunities to amend the complaint, with guidance by the Court. Plaintiff has now filed three complaints without alleging facts against any of the defendants sufficient to state a claim under § 1983. The Court finds that since Plaintiff was previously given two opportunities to amend to cure the deficiencies in his claims, further leave to amend is not warranted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). This action is HEREBY ORDERED dismissed, with prejudice, for failure to state a claim under section 1983, and the Clerk's Office shall enter judgment.

IT IS SO ORDERED.

Dated:   December 20, 2010

UNITED STATES MAGISTRATE JUDGE